**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN DOE,

    Plaintiff,

v.                                                                       CASE NO:  8:15-cv-682-T-30EAJ

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, WINSTON G.
JONES, and JANE DOE

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants University of South Florida Board of Trustees' and Winston G. Jones' Motion to Dismiss (Dkt. 9) and Plaintiff's Response in opposition (Dkt. 10).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted to the extent that the federal claims will be dismissed under Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

Plaintiff John Doe brings the instant action against Defendants University of South Florida Board of Trustees, Winston G. Jones, and Jane Doe[1] based on his suspension from the University of South Florida ("USF") for violating USF's Student Code of Conduct (hereinafter "Code of Conduct").  Plaintiff was formerly a student enrolled at USF.  In February of 2012, he lived with Jane Doe, another USF student.  Jane Doe filed an incident

---

[1] As of the date of this order, Jane Doe has not appeared in this case, and it is unclear whether she has been served with the summons and complaint.

report with USF against Plaintiff; she alleged that he committed three violations of the Code of Conduct.

The Code of Conduct provides that disciplinary proceedings may be initiated against a student charged with conduct that is in violation of the Code of Conduct. The Code of Conduct outlines the process and proceedings involved when a charge is asserted against a student. It also outlines the rights that apply to a charged student, including his appellate rights. If a student fails to appear or fails to defend himself against a charge, the matter may be resolved in his absence.

Plaintiff alleges that he received what he perceived to be two "suspicious" e-mails from a person named Chicqui Aldana. It was his practice to delete such e-mails without reading them. Unbeknownst to Plaintiff, these e-mails informed Plaintiff of Jane Doe's charge against him and requested that Plaintiff contact USF immediately to schedule an appointment. Specifically, the first e-mail, sent to Plaintiff on April 2, 2012, informed Plaintiff that he allegedly violated the following offenses of the Code of Conduct: 4.09 Disruptive Conduct; 4.11 Threats of Violence; and 4.14 Battery/Rape/Violence.[2] The e-mail included a letter from Winston G. Jones, USF's Assistant Dean and Director of the Office of Student Rights & Responsibilities. The letter notified Plaintiff to arrange an appointment with Jones by April 9, 2012, to discuss the matter. The letter stated that if Jones did not hear

---

[2] Notably, the first e-mail from Aldana contained the following subject line: "USF Rights & Responsibilities No Contact Letter - DO NOT DELETE" and the second e-mail contained the following subject line: "USF Student Rights & Responsibilities Decision - DO NOT DELETE!!!"

from Plaintiff, "then a decision, which may affect your student status, will be made without the benefit of input from you." (Dkt. 9-1).

The second e-mail was sent to Plaintiff on May 2, 2012, with a "High" importance. This e-mail attached a letter from Jones that informed Plaintiff that a decision on Jane Doe's charge was made without Plaintiff's input because Plaintiff failed to arrange a meeting with Jones. The decision charged Plaintiff with the three violations of the Code of Conduct. The letter notified Plaintiff that if he did not respond to Jones within five business days, USF would assume (as outlined in the Code of Conduct) that Plaintiff agreed to accept the findings and decision that Plaintiff committed the three violations of the Code of Conduct. If Plaintiff agreed to the findings, he would be subject to immediate and indefinite suspension and would not be eligible to re-enroll until Summer 2016. The letter also stated that if Plaintiff disagreed with the findings, he was entitled to a Formal Hearing with two choices of forum.

Plaintiff was charged with the three violations of the Code of Conduct and suspended from USF (as outlined in the May 2, 2012 letter) because he never responded to the May 2, 2012 e-mail and letter. On or about May 24, 2012, Plaintiff received a phone call from Jones about Plaintiff's student status. They met the following day and Jones informed Plaintiff that he was suspended from USF for failing to respond to Jane Doe's charge and the related investigation.

On May 25, 2012, immediately after being informed of his suspension, Plaintiff sent a letter to USF, explaining his mistaken deletion of the e-mails, asking for the suspension to be lifted, and seeking a review of Jane Doe's charges. In June 2012, USF denied Plaintiff's

request. Subsequently, in July 2012, Plaintiff filed a complaint with USF against Jane Doe, alleging that she had violated the Code of Conduct. In August 2012, Jones informed Plaintiff that he was not moving forward with Plaintiff's complaint against Jane Doe because it mirrored Jane Doe's complaint against Plaintiff, which USF had already investigated.

Plaintiff filed the instant action, alleging violations of his constitutional right to due process, a claim under 20 U.S.C. § 1681(a) ("Title IX") (collectively, the "federal claims"), and various state-law claims. The Court concludes that the federal claims are subject to dismissal. As such, the Court refrains from reviewing Plaintiff's state-law claims at this time because it will not exercise supplemental jurisdiction over the state-law claims absent a viable federal claim.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

I.    **Plaintiff's Constitutional Claims**

Count I of Plaintiff's complaint is a purported declaratory judgment claim based on due process violations. Count II of Plaintiff's complaint is a related claim under 42 U.S.C. § 1983. Both claims allege that USF's treatment of Plaintiff that concluded in Plaintiff's suspension violated Plaintiff's constitutional right to due process. Plaintiff alleges that Plaintiff was owed a fundamentally fair and reliable hearing process and an impartial investigation.

These claims fail because Plaintiff did not exhaust his remedies. Specifically, a plaintiff cannot assert a claim for a violation of procedural due process "'unless and until the State fails to provide due process.' In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation . . . arise." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (quoting *Zinermon v. Burch*, 494 U.S. 113, (1990)).

The Code of Conduct outlines the appeal process; Plaintiff does not allege that he sought an appeal through this process. Moreover, the Code of Conduct allows for judicial review of an adverse decision in a geographically appropriate circuit court. Plaintiff did not pursue this remedy. As such, these federal claims (Counts I and II) are dismissed due to Plaintiff's failure to exhaust his state-court remedies.

## II.  Plaintiff's Title IX Claim

Count IX of Plaintiff's complaint is based on an alleged violation of Title IX against USF and Jones.[3] Plaintiff alleges the following with respect to this claim: USF historically and systematically renders verdicts against males in sexual assault cases on the basis of sex; male students at USF, like Plaintiff, are discriminated against solely on the basis of sex and are invariably found guilty, regardless of the evidence; and USF violated Title IX in the manner in which it improperly adjudicated the baseless charge of misconduct by Jane Doe.  Plaintiff then alleges in a conclusory fashion that USF discriminated against Plaintiff on the basis of his gender.  These allegations fall woefully short of alleging a Title IX claim.

Title IX provides that no person "shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . ."  20 U.S.C. § 1681(a). Because "Title IX was enacted to supplement the Civil Rights Act of 1964's bans on racial discrimination in the workplace and in universities ... [and] because Title IX mirrors the substantive provisions of Title VI of the Civil Rights Act of 1964 ... courts have interpreted Title IX by looking to the body of law developed under Title VI, as well as the

---

[3] Although not argued by Defendants in their motion to dismiss, the Title IX claim against Jones, individually, is improper as a matter of law because: "Title IX does not allow claims against individual school officials; only funding recipients can be held liable for Title IX violations." *Williams v. Bd. of Regents of Univ. Sys. of Ga.,* 477 F.3d 1282, 1300 (11th Cir. 2007) (citing *Hartley v. Parnell,* 193 F.3d 1263, 1270 (11th Cir. 1999)).

case law interpreting Title VII." *Yusuf v. Vassar College,* 35 F.3d 709, 714 (2d Cir. 1994); *see also Williams*, 477 F.3d at 1300.[4]

There is, however, a significant difference between Title VII and Titles VI and IX: while a Title VII claim may be premised on the "disparate impact" a policy has with respect to a protected group, *see, e.g., Ricci v. DeStefano,* 557 U.S. 557, 577 (2009), courts have held that disparate impact claims[5] may not be brought under Titles VI and IX. *See, e.g., Alexander v. Sandoval,* 532 U.S. 275, 280 (2001) (noting that Title VI "prohibits only intentional discrimination" and that Title IX "was patterned after Title VI") (internal quotation marks omitted); *Yu v. Vassar Coll.,* No. 13-CV-4373 (RA), 2015 WL 1499408, at *10 & n. 6 (S.D.N.Y. Mar. 31, 2015) (interpreting *Sandoval* and other precedent and concluding that there is no private right of action for disparate impact under Title IX); *Weser v. Glen,* 190 F. Supp. 2d 384, 395 (E.D.N.Y. 2002) (same).

Thus, in order to establish a gender discrimination claim under Title IX, a plaintiff must allege that the defendant discriminated against him because of sex, the discrimination was intentional, and the discrimination was a "substantial" or "motivating factor" for the defendant's actions. *See Tolbert v. Queens Coll.,* 242 F.3d 58, 69 (2d Cir. 2001) (applying standard to a race discrimination claim under Title VI).

---

[4] There is a dearth of case law on this issue within the Eleventh Circuit. The Court looks to cases outside the Eleventh Circuit for guidance on the issue of whether Plaintiff properly alleged a Title IX gender discrimination case.

[5] Unlike disparate treatment, which involves intentional discrimination, disparate impact involves "facially neutral employment practices that have significant adverse effects on protected *groups* ... without proof that the employer adopted those practices with a discriminatory intent. . ." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807-08 (11th. Cir. 2010) (emphasis in original).

The case law makes clear that it is insufficient to simply allege that a policy or practice disproportionately affects one sex. Plaintiff's allegations in this case appear to allege just that - a disparate *impact* case. Plaintiff does not allege any facts amounting to intentional discrimination. Plaintiff also does not identify a female (i.e., a member outside his protected class), who was in a similar position (charged with violations of USF's Code of Conduct after she failed to appear or otherwise provide a defense), and who was treated more favorably (she was not suspended). Accordingly, this claim is dismissed. *See Ludlow v. Northwestern Univ.*, No. 14 C 4614, 2015 WL 508431, at *6-*7 (N.D. Ill. Feb. 5, 2015) (dismissing Title IX claim because the plaintiff's allegations that the university's investigation into the sexual harassment complaints against him were flawed and biased were not connected in any way to his gender and were wholly conclusory).

Based on the unique facts alleged in this case, where Plaintiff admittedly deleted the e-mails informing him of the charges filed against him and USF followed its procedures (as outlined in the Code of Conduct) when it accepted his silence as an agreement with USF's findings, it is doubtful that Plaintiff can allege a viable Title IX case. Although any amendment will likely be futile, the Court will afford Plaintiff an opportunity to amend this claim. The Court warns Plaintiff that any amendment must comply with Plaintiff's Rule 11 obligations. In other words, if Plaintiff does not have a good-faith basis to allege a Title IX claim, the Court will not hesitate to award sanctions against him.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants University of South Florida Board of Trustees and Winston G. Jones' Motion to Dismiss (Dkt. 9) is granted to the extent stated herein.

    2.    Counts I and II of the complaint are dismissed without leave to amend.

    3.    Plaintiff may file an amended complaint to amend Count IX <u>only if Plaintiff can allege a Title IX claim in good faith in light of the case law discussed herein</u>.  Any amendment shall be filed within fourteen (14) days of this order.  If Plaintiff does not file an amended complaint by that time, the Court will not exercise supplemental jurisdiction over the remaining claims and they will be dismissed without prejudice and without further notice.

**DONE** and **ORDERED** in Tampa, Florida on May 29, 2015.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies Furnished To:</u>
Counsel/Parties of Record

*S:\Even\2015\15-cv-682.mtdismiss-9-grant.wpd*